ELLIS, Judge.
This suit was filed by Kenneth Duncan against his wife, Judy Foret Duncan, seeking a separation from bed and board on the ground of abandonment. Mrs. Duncan answered and reconvened, seeking a separation on the ground of cruel treatment, custody of their minor daughter, plus alimony and child support. After trial on the merits, judgment was rendered awarding a separation to Mr. Duncan, and granting custody of the minor child to Mrs. Duncan. The judgment denied alimony, but awarded child support. Mrs. Duncan has appealed.
It is not contested that Mrs. Duncan left the matrimonial domicile on June 15, 1975. She alleges that she left because her husband “had been frequently seen in the company of other women” and “maintained hours outside of the matrimonial domicile into the early morning hours frequently, without explanation.”
In a supplemental pleading, Mrs. Duncan alleged that, during the efforts to reconcile following the February separation, Mr. Duncan admitted an adulterous affair with JoAnn Crum McHugh, his secretary, but said that the affair was terminated, and that Mrs. McHugh would be seeking other employment in the near future. She further alleged that she agreed to a reconciliation on the strength of her husband’s representations relative to the termination of the affair with Mrs. McHugh, but learned after the reconciliation that he was continuing to see her outside of office hours.
The record reveals that Mr. and Mrs. Duncan reconciled on May 18, 1975, after having separated on February 25, 1975. From hearsay evidence in the next two weeks, Mrs. Duncan began to suspect that her husband was continuing to see Mrs. McHugh after office hours. On May 31st, they had an extended quarrel over the matter, at which time Mrs. Duncan told her husband that if he did not fire Mrs. McHugh that their marriage would be over. Mr. Duncan refused to do so.
Mrs. Duncan testified that they continued to reside together, and had sexual relations after that time. Mr. Duncan denied having sexual relations after May 31st.
In any event, on June 11, 1975, Mr. Duncan went to Wichita Falls, Texas, with Mrs. McHugh, where they stayed at the same motel for about a week. When Mrs. Duncan learned of this she left the matrimonial domicile, and has not since returned.
At the trial the judge refused to permit testimony relative to the cause of the first separation and the circumstances of the reconciliation. He ruled that Mrs. Duncan would first have to prove acts on the part of Mr. Duncan, subsequent to the date of the reconciliation, which would constitute cruel treatment. He was of the opinion that the conduct of Mr. Duncan prior to the reconciliation had been forgiven and evidence thereof could be used to corroborate a new cause of action only after proof thereof.
Articles 152 and 153 of the Civil Code provide:
“Art. 152. The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced.” “Art. 153. In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action.”
In this case, the past misconduct of the husband, and the circumstances of the reconciliation are essential elements in the cause of action alleged by the wife. Evidence thereof should have been received— not to corroborate subsequent acts of cruelty, but to show that those acts were, in fact, sufficient to render their living together insupportable.
As a result of the erroneous ruling of the trial judge, all of the evidence relative to the circumstances of the first separation and reconciliation were introduced by proffer under Article 1636 of the Code of Civil Procedure. Unfortunately, a good bit of *1255 evidence which would have been admissible even under the ruling of the trial judge was included therewith, and therefore not considered by him in reaching his conclusion below. We also note that the trial judge would not permit Mrs. Duncan to use her own handwritten notes for the purpose of refreshing her memory as to various events which took place after the reconciliation.
Ordinarily, we would consider the proffered testimony and render judgment based thereon. However, considering the disjointed and confused character of the record, the importance to the ultimate decision of the credibility of the parties hereto, the necessity of considering all of the testimony of the witnesses, and the fundamental misunderstanding of Mrs. Duncan’s cause of action by the trial judge, we are of the opinion that the ends of justice will best be served by remanding the case to the trial court for a new trial on its merits and for a decision in accordance with the principles herein, expressed.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for a new trial. All costs of this appeal shall be paid by the plaintiff. All other costs shall await the final determination of the case on its merits.
REVERSED AND REMANDED.